**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHADEA CAREY,

Plaintiff,

v.

Case No. 2026-cv- 11036-LJM-APP

Hon. Laurie J. Michelson

Lower Court Case No.: 26-003117-NI

LYFT, INC.,

Defendant.

---

**DAVID C. FEMMININEO (P56471)**
**BARTOSZ A. KMIEC (P71669)**
FEMMININEO ATTORNEY, P.L.L.C
Attorneys for Plaintiff
110 South Main Street
Mt. Clemens, MI 48043
(586) 954-9500 | Fax: (586) 954-9900
bart@getdavidgetpaid.com

**MITCHELL E. McINTYRE (P76613)**
PLUNKETT COONEY
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(313) 983-4933 | Fax: (248)901-4040
mmcintyre@plunkettcooney.com

---

**DEFENDANT LYFT, INC.'S ANSWER TO**
**PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

---

NOW COMES Defendant, LYFT, INC., (hereafter referred to as "Defendant" unless otherwise specified), by and through its attorneys, PLUNKETT COONEY, and for its Answer to Plaintiff's Complaint, states as follows:

**COUNT I**

1. In response to this paragraph of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth thereof and Plaintiff is left to its proofs.

2. In response to this paragraph of Plaintiff's Complaint, Defendant admits only that it is licensed in Michigan as a transportation network company ("TNC") as that term has been defined by the Michigan Limousine, Taxicab and Transportation Network Company Act pursuant to MCL 257.2101 et seq. ("Michigan TNC Act") and that its resident agent for Michigan has been properly identified. Any remaining allegations are neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth thereof and Plaintiff is left to her proofs.

3. In response to this paragraph of Plaintiff's Complaint, Defendant admits only that it is licensed as a TNC in Michigan and denies the remainder of the allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

4. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

5. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue.

6. In response to this paragraph of Plaintiff's Complaint, including subparagraphs (a) through (c), Defendant denies these allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

WHEREFORE, Defendant, LYFT, INC. prays that, if Plaintiff's claim against Lyft is not arbitrated, this Court enter a Judgment of no cause for action in its favor and further award all appropriate costs and attorney fees with respect to any and all Counts against it.

**COUNT II**

7. In response to this paragraph of Plaintiff's Complaint, Defendant incorporates by reference its responses to all prior paragraphs as though fully set forth herein.

8. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations in this paragraph as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

9. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

10. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev.

11. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue. Defendant is not a motor carrier as a matter of law as set forth under MCL 257.2127(1) of the Michigan TNC Act.

12. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue.

13. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue.

14. In response to this paragraph of Plaintiff's Complaint, Defendant denies these allegations as untrue. Defendant did not hire, employ, or control Defendant Narzullaev. Answering further, Defendant did not own, control, maintain, manage, repair or entrust the vehicle involved in the incident in issue.

15. In response to this paragraph of Plaintiff's Complaint, Defendant admits only that the amount in controversy alleged is in excess of $25,000 and is in excess of $75,000 for the purposes of diversity jurisdiction but Defendant denies any alleged damages are due and owing in this matter.

WHEREFORE, Defendant, LYFT, INC. prays that, if Plaintiff's claim against Lyft is not arbitrated, this Court enter a Judgment of no cause for action in its favor and further award all appropriate costs and attorney fees with respect to any and all Counts against it.

PLUNKETT COONEY

*/s/ Mitchell E. McIntyre*
**MITCHELL E. McINTYRE (P76613)**
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Direct Dial | (313) 983-4933
Date: May 11, 2026
Email | mmcintyre@plunkettcooney.com

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES Defendant, LYFT, INC., (hereafter referred to as "Defendant" unless otherwise specified), by and through its attorneys, PLUNKETT COONEY, and sets forth the following Affirmative and/or Special Defenses below. By characterizing the following as defenses, Defendant does not admit that it bears the burden of proof on any of the issues raised by such defenses. Subject to and notwithstanding this reservation, Defendant identifies the following Special and/or Affirmative Defenses upon which it may rely:

1. Plaintiff's claims against Lyft are subject to mandatory arbitration pursuant to Plaintiff's contract with Lyft: the Terms of Service, and the Court therefore lacks jurisdiction over those claims. A copy of the applicable Terms of Service is attached hereto as **Exhibit A** and the arbitration agreement is contained in ¶ 17.

2. All or part of Plaintiff's claim may be barred by the terms and/or conditions of any applicable insurance policy and/or Michigan's No-Fault Act, MCL 500.3101. *et seq*. including but not limited to, MCL 500.3135.

3. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

4. To the extent that Plaintiff has used fictitious or stolen identity

details pertaining to her social security number, date of birth or otherwise to obtain access to the Lyft platform or any medical treatment in connection with her purported claims, the same are precluded by operation of the wrongful conduct doctrine which prohibits recovery predicated on one's own illegal and/or immoral acts.

5. Lyft invokes all available defenses under MCL 257.2137.

6. Plaintiff has failed to mitigate her damages.

7. Defendant objects to any failure by Plaintiff to join all claims as well as all parties required to be joined herein and Defendant does not waive such objection.

8. Plaintiff's alleged damages must be reduced by any percentage of comparative negligence attributable to Plaintiff.

9. If Plaintiff's negligence exceeds 50% then Plaintiff is precluded from claiming non-economic damages under MCL 500.3135(2)(b).

10. Plaintiff's alleged injuries were caused by the intervening, superseding negligence of others not under the control and/or supervision of this Defendant.

11. Defendant reserves the right to give notice that a non-party is liable for Plaintiff's alleged injuries, in whole or in part.

12. Plaintiff's claims may be limited and/or barred by the terms and conditions of MCL 600.2955a.

13. Defendant is entitled to all relief and set offs as provided in the Tort Reform Act and all of its sections and subsections.

14. Any economic damages sought by Plaintiff are to be reduced by any collateral sources under MCL 600.6303.

15. Plaintiff's alleged injuries and claims do not satisfy the requirements of MCL 500.3135 and all of its subparts including but not limited to the serious impairment threshold and/or the closed head injury threshold and Plaintiff is therefore precluded from claiming non-economic damages.

16. Joint and several liability has been abolished in Michigan.

17. Plaintiff is unable to make a prima facie case of negligence against this Defendant and this Defendant must therefore be dismissed.

18. Plaintiff's claims are barred if it is shown that any Defendant driver encountered a sudden emergency.

19. Plaintiff's claims are limited and/or barred by MCL 500.3107b including subsections (a) through (c).

20. Plaintiff claims treatment from providers whose treatment was not lawfully rendered and is therefore not recoverable under MCL 500.3157(1).

21. Plaintiff's claims are limited and/or barred by MCL 500.3157(1) through (14) (fee schedule) for any applicable dates of service.

22. Any claims that Plaintiff contractually assigned to other entities or persons cannot be pursued as part of the subject lawsuit and must be dismissed.

23. Plaintiff cannot claim damages for medical bills that were not proximately caused by the subject motor vehicle accident or were otherwise not reasonably necessary for the care of any injuries sustained as a proximate cause of the subject motor vehicle accident. MCL 500.3105(1). MCL 500.3107(1)(a).

24. Defendant was not properly served under MCR 2.105(D) and the Court therefore lacks personal jurisdiction.

25. If Plaintiff has entered a resolution with non-party Narzullaev resulting in a discharge of his alleged liability, then any alleged vicarious liability claims must be dismissed as any release of an alleged servant and/or agent operates as a release of the alleged master or principal. *Drinkard v William J Pulte, Inc*, 48 Mich App 67, 210 (1973) ("a valid release of either the master or servant from liability for tort operates to release the other where liability is based upon the doctrine of respondeat superior.").

26. Defendant asserts any and all offsets for no-fault benefits pursuant to any available policy of insurance.

Defendant reserves the right to assert further Affirmative and/or Special Defenses during the pendency of this litigation if this matter is not arbitrated as further information becomes known.

PLUNKETT COONEY

*/s/ Mitchell E. McIntyre*
**MITCHELL E. McINTYRE (P76613)**
Attorney for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Direct Dial | (313) 983-4933
Email | mmcintyre@plunkettcooney.com

Date: May 11, 2026

**PROOF OF SERVICE**

I hereby certify that on May 11, 2026, a copy of Defendant Lyft, INC.'s Answer to Plaintiff's Complaint, and Affirmative Defenses was electronically filed and the attorney(ies) of record received notice via the court's ECF system.

PLUNKETT COONEY

*/s/ Mitchell E. McIntyre*
**MITCHELL E. McINTYRE (P76613)**
Attorney for Defendant
Email | mmcintyre@plunkettcooney.com